# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 17-4413 PA (PJWx) | Date | June 16, 2017 |
|---|---|---|---|
| Title | Rebecca Castillo v. See's Candies, Inc. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| V.R. Vallery | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**  IN CHAMBERS - COURT ORDER

Before the Court is a Notice of Removal filed by defendant See's Candies, Inc. ("Defendant"). Defendant asserts that federal jurisdiction exists based on the existence of a federal question. See 28 U.S.C. § 1331.

Federal courts are of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). Suits filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). The "burden of establishing federal subject matter jurisdiction is on the party seeking removal . . . ." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). An action may be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). A "strong presumption" against removal jurisdiction exists. Gaus v. Miles, Inc., 980 F.2d 564, 567 (9th Cir. 1992); Hofler v. Aetna US Healthcare of Cal., Inc., 296 F.3d 764, 767 (9th Cir. 2002) ("The removal statute is 'strictly construed against removal jurisdiction and any doubt must be resolved in favor of remand.'" (quoting Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988))).

Under 28 U.S.C. § 1331, this Court has original jurisdiction over civil actions "arising under" federal law. Removal based on § 1331 is governed by the "well-pleaded complaint" rule. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429, 96 L. Ed. 2d 318 (1987). Under the rule, "federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." Id. at 392, 107 S. Ct. at 2429, 96 L. Ed. 2d 318. If the complaint does not specify whether a claim is based on federal or state law, it is a claim "arising under" federal law only if it is "clear" that it raises a federal question. Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996). Thus, plaintiff is generally the "master of the claim." Caterpillar, 482 U.S. at 392, 107 S. Ct. at 2429, 96 L. Ed. 2d 318.

Defendant's Notice of Removal asserts that "the Complaint alleges that it is a civil rights action alleging discrimination claims under the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq."

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-4413 PA (PJWx) | Date | June 16, 2017 |
|---|---|---|---|
| Title | Rebecca Castillo v. See's Candies, Inc. | | |

(Notice of Removal, 1.)  However, the Complaint alleges a single claim, for violation of Unruh Civil Rights Act, Cal. Civil Code § 51 et seq.; Plaintiff has made no claim under the ADA.  Thus, Plaintiff's sole claim arises exclusively under California law, not federal law.  As a result, Defendant has failed to meet its burden to establish that this Court possesses subject matter jurisdiction over this action.

     For the foregoing reasons, the Court remands this action to Los Angeles Superior Court, case number KC069283.  <u>See</u> 28 U.S.C. § 1447(c).

     IT IS SO ORDERED.